NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13909

OPINION OF THE JUSTICES TO THE SENATE.

Initiative.  Constitutional Law, Initiative petition, General Court, Opinions of the Justices.  General Court.  Supreme Judicial Court, Opinions of the Justices.  Opinions of the Justices.  Elections, Validity of petition.  Words, "Law."

On April 27, 2026, the Justices submitted the following response to questions propounded to them by the Senate.

To the Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit their answers to the questions set forth in an order adopted by the Senate on March 12, 2026, and transmitted to this court on March 13, 2026.  The order concerns a proposed law before the Senate, House No. 5010, an initiative petition filed and certified in accordance with art. 48 of the Amendments to the Constitution of the Commonwealth.

The measure proposed by the petition would amend provisions governing legislative stipends to condition part of the stipends

on the Legislature's "compliance" with procedural prerequisites and performance goals established in the measure. The clerks of the Senate and the House of Representatives would be responsible for certifying compliance.

The Senate expressed "[g]rave doubt . . . whether the petition fails to propose a law" within the meaning of art. 48 by "mandating changes to internal legislative procedures that are within the constitutional unicameral powers of the Senate and House of Representatives," and "whether the petition, if enacted, would violate and intrude upon the ability of the Senate and the House of Representatives to set their own rules of proceedings." The Senate thus requested the opinions of the Justices on the following questions:

"1. Does the petition -- which has been filed and certified in accordance with [art. 48, The Initiative, II, § 3, as amended by art. 74 of the Amendments (art. 48)], seeking passage of legislation entitled 'An Act to reform and regulate legislative stipends,' and which is pending before the General Court -- violate art. 48 by making changes to internal legislative procedures that are within the constitutional unicameral powers of the Senate, thus failing to propose a law, where:

"a. The petition reshapes and codifies existing legislative rules on how and when bills are heard and reported out of legislative committees, setting specific procedures for bill hearings and reporting;

"b. The petition assigns additional duties to the Clerks of the House of Representatives and Senate, who are officers of those bodies and whose duties are set by internal rule by the respective bodies;

"c.   The petition makes the rate of pay for Senators dependent, in part, on 'compliance' by the House of Representatives with the petition's procedural requirements, thus interfering with the independence of both bodies; or where

"d.   The petition supplants and codifies existing legislative rules on compensation, ensuring that members of the House of Representatives and members of the Senate are compensated differently?

"2.   If the answer to question 1 and all its subparts is in the negative, does the petition, if enacted, intrude on the Senate's ability to set its own rules of proceedings in violation of [Part II, c. 1, § 2, art. 7, of the Constitution of the Commonwealth], where:

"a.   The petition reshapes and codifies existing legislative rules on how and when bills are heard and reported out of legislative committees, setting specific procedures for bill hearings and reporting;

"b.   The petition assigns additional duties to the Clerks of the House of Representatives and Senate, who are officers of those bodies and whose duties are set by internal rule by the respective bodies;

"c.   The petition makes the rate of pay for Senators dependent, in part, on 'compliance' by the House of Representatives with the petition's procedural requirements, thus interfering with the independence of both bodies; or where

"d.   The petition supplants and codifies existing legislative rules on compensation, ensuring that members of the House of Representatives and members of the Senate are compensated differently?"

Our duty to provide advisory opinions in response to a request under Part II, c. 3, art. 2, of the Massachusetts Constitution, as amended by art. 85 of the Amendments, is limited to "important questions of law" posed to us "upon solemn occasions."  A solemn occasion generally exists "when the

Governor or either branch of the Legislature, having some action in view, has serious doubts as to their power and authority to take such action" (citation omitted). Answer of the Justices, 444 Mass. 1201, 1202 (2005). Article 48 grants the people the right to enact laws directly through the initiative petition process and imposes on the General Court the duty to vote on proposed measures that are "introduced and pending." The issue whether a proposed measure is properly "introduced and pending," raised by the Senate's first question regarding whether the petition meets the requirements of art. 48, thus presents an important question of law upon a solemn occasion because it "relates to a present duty in the performance of which the Senate may be aided by our opinions." Opinion of the Justices, 375 Mass. 795, 802 (1978).

The measure seeks to amend G. L. c. 3, § 9B. Section 9B currently establishes stipends for legislators who hold leadership positions as a dollar amount subject to adjustments based on "the aggregate quarterly change in salaries and wages in the commonwealth." G. L. c. 3, § 9B (g). Under the measure, stipends would be set at various percentages of legislators' base compensation depending on their leadership positions, and a portion of the stipends would be tied to (1) whether a legislator is on or chairs any "eligible committees," which would be "committees established by the joint rules of the

senate and house of representatives to which more than 50 bills are referred by the senate and house of representatives before March 1 of the first year of a biennial session of the general court"; and (2) whether an eligible committee is in compliance with certain performance goals (for chairs of eligible committees) and the percentage of eligible committees in compliance (for legislators with other qualifying leadership positions).  The performance goals include holding a public hearing and public markup session on each bill referred to the committee by a certain date, and approving all committee reports by a majority vote at a public meeting with a quorum present. To determine which committees and what percentage of committees have achieved compliance, the clerks of the Senate and House of Representatives would be required to (1) "jointly examine the records of each eligible committee," (2) "certify jointly" compliance for eligible committees that have met the performance goals, and (3) calculate the "compliance percentage" for the year.

Question one.  The Senate first asks whether the petition proposes a rule by "making changes to internal legislative procedures that are within the constitutional unicameral powers of the Senate."  We conclude that the petition does propose a rule rather than a law.

Because art. 48 authorizes voters to propose only laws and constitutional amendments, a measure that is neither a constitutional amendment nor a law lies outside the scope of the initiative process.  See art. 48, The Initiative, II, § 3, as amended by art. 74.  Accordingly, the Attorney General cannot certify an initiative petition as "in the proper form for submission to the people" if the petition does not propose a law.[1]  See Paisner v. Attorney Gen., 390 Mass. 593, 597-598 (1983).

This court has not provided a precise definition of "law" for purposes of art. 48.  However, we have noted that, among other things, "laws govern conduct external to the legislative body, while rules govern internal procedures."  Id. at 600.

The distinction between a law and a rule under art. 48 stems from the exclusive nature of legislative rulemaking power.  Although the popular initiative process is coextensive with the Legislature's bicameral "law-making powers," each chamber of the Legislature also "possess[es] many unicameral powers," including the power to determine its own rules of proceedings.  Id. at 599.  See Part II, c. 1, § 2, art. 7 ("The senate shall choose its own president, appoint its own officers, and determine its own rules of proceedings"); Part II, c. 1, § 3, art. 10 ("The

---

[1] The petition at issue does not purport to propose a constitutional amendment.

house of representatives shall . . . choose their own speaker; appoint their own officers, and settle the rules and orders of proceeding in their own house").  This unicameral rulemaking power is exclusive to each chamber, and such rules are not binding on future Legislatures.  See Paisner, 390 Mass. at 600-602.  Any measure aiming primarily at the internal procedures of the Legislature would impermissibly intrude on "the continuing power of the individual branches to ignore [the measure] and to determine their own procedures."  Id. at 600.

A petition thus proposes a rule rather than a law if its "principal purpose is to order the internal operations of the Senate and the House."  Id.  Consistent with that reasoning, this court in Paisner concluded that a petition improperly proposed a rule by seeking to make numerous changes to the internal procedures of the Legislature, including, among other things, prescribing procedures for the nomination of presiding officers, the selection of committee members, and the recording of committee votes; requiring daily calendars and roll calls; and establishing a committee on legislative administration and budget.  See id. at 596.

Turning to the petition at issue, art. 48 does not per se prohibit a measure that proposes changes to legislative compensation.  Legislative compensation requires bicameral lawmaking.  Opinion of the Justices, 422 Mass. 1212, 1222 (1996)

("the provisions of the Constitution which discuss legislative compensation require that the General Court -- that is, both houses of the Legislature -- pass laws regarding such compensation"). See Part II, c. 1, § 1, art. 4; art. 63, § 3, of the Amendments to the Massachusetts Constitution. Because the people's power to make laws through the initiative petition process is equal to the Legislature's bicameral lawmaking power, legislative pay is a proper subject of the initiative process. See Opinion of the Justices, supra at 1221-1222.

The proposed measure, however, goes beyond adjusting legislative pay by using compensation as a means of regulating internal legislative procedures. Indeed, the principal purpose of the measure, as it states, is to promote transparent and efficient lawmaking by "link[ing]" legislative compensation to "performance." Although an initiative measure cannot directly regulate how the two Houses of the Legislature carry out their duties, the measure here would effect this same purpose by conditioning the amount of the stipends on compliance with certain procedural prerequisites (organizing into committees established by the joint rules) and performance goals (holding public hearings and public markup sessions on all bills by certain dates and approving all committee reports at public meetings).

Moreover, the measure would impose duties on the clerk of each chamber, including requiring them to examine legislative records and certify compliance.  Yet the clerks are legislative officers whose duties are defined by their respective chambers through unicameral rulemaking.[2]

The measure thus concerns matters of "internal legislative procedures" outside the scope of the initiative petition process.  Paisner, 390 Mass. at 599-600.  To be sure, art. 48 leaves some room for measures that indirectly influence legislative procedures.  See Opinion of the Justices, 422 Mass. at 1223-1224 (petition proposing six-month pay schedule not rule because it merely encouraged without establishing six-month legislative session).  But by conditioning the amount of legislative compensation on compliance with internal procedural criteria and requiring the Houses' clerks to monitor whether the criteria have been met, the principal purpose of the measure is to regulate the two Houses' internal operations.  Cf. League of Women Voters of Mass. v. Secretary of the Commonwealth, 425 Mass. 424, 432 (1997) (proposed law would create unconstitutional term limits by, among other things, eliminating compensation and benefits for public officers serving more than

---

[2] See, e.g., Rules 6-9 of the Senate Rules (adopted Feb. 13, 2025); Rules 10-13A of the House Rules for the 194th General Court (adopted Feb. 25, 2025).

a number of consecutive terms within certain period).  The measure thus constitutes a rule.

Question two.  Because the petition fails to propose a law, it is "not in proper form for submission to the people" (quotation and citation omitted), Oberlies v. Attorney Gen., 479 Mass. 823, 838 (2018), and the Senate need not vote on it.  As such, we do not reach the Senate's second question.

The foregoing response is submitted by the Chief Justice and the Associate Justices subscribing hereto on the 27th day of April, 2026.

KIMBERLY S. BUDD

FRANK M. GAZIANO

SCOTT L. KAFKER

DALILA ARGAEZ WENDLANDT

SERGE GEORGES, JR.

ELIZABETH N. DEWAR

GABRIELLE R. WOLOHOJIAN